UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON,<br><br>         Plaintiff,<br><br>    v.<br><br>NOMATHEMBA THOMPSON,<br><br>         Defendant. | Case No.  1:26-cv-02095-KES-HBK<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT<br><br>ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>APRIL 14, 2026 DEADLINE |

On March 16, 2026, Plaintiff Steven Quinn Singleton filed a notice of removal as to his state court case originally filed in the Merced County Superior Court.  (Doc. 1).  Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*.  (Doc. 2).  Upon review of the motion, the Court finds Plaintiff's declaration satisfies the requirements under § 1915(a)(1) and will grant the motion.

Nonetheless, the Court will direct Plaintiff to show cause why this case should not be remanded to state court for improper removal and lack of federal jurisdiction.  Plaintiff does not attach the complaint from the state court case, but his notice of removal designates the state court action as "a family law matter" at "case no. 21FL-02673" filed by Plaintiff with the Superior Court of California, Merced County.  (Doc. 1 at 2, ¶¶ 7, 10).

LEGAL STANDARD

A defendant may remove a state court case to federal court in a civil action where the "district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, "none of the statutes governing removal provide for removal by a plaintiff or petitioner." *Hiett v. Stanislaus Reg'l Hous. Auth.*, 2022 WL 5440356, at *1 (E.D. Cal. Oct. 7, 2022) (quoting *Magee v. California*, No. CV17-9164 AB (FFM), 2017 WL 6561150, at *1 (C.D. Cal. Dec. 19, 2017)) (internal quotation marks omitted).

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation modified). Subject matter jurisdiction "can never be forfeited or waived." *Id*. Rather, "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Id*. at 506. The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court*." Farmers Direct Prop. & Cas. Ins. Co. v. Perez*, 130 F.4th 748, 756 (9th Cir. 2025). Where, as here, a case is removed from state to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

A federal court has subject matter jurisdiction of a case when it raises a federal question or when diversity jurisdiction exists. A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A matter "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance v. McVeigh*, 547 U.S. 677, 690 (2006). Diversity jurisdiction exists in civil actions between citizens of different states, including where citizens of a foreign state are additional parties, so long as the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). There must be complete diversity between plaintiffs and defendants for diversity jurisdiction to exist. *Nike, Inc. v. Commercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994).

2

ANALYSIS

While Plaintiff's notice of removal does not attach the underlying state court complaint, the notice of removal states that Plaintiff initiated the state court action. (Doc. 1 at 2). However, only a defendant may remove a state court case to federal court, and improperly removed actions should be remanded to state court. See 28 U.S.C. § 1447(c); *Hiett*, 2022 WL 5440356, at *1.

In addition, Plaintiff's notice of removal states that the Eastern District of California is "the primary places of residence maintained by both parties." (Doc. 1 at 6). Furthermore, Plaintiff's notice of removal states the state court action has "primarily served to address concerns about parenting time." (*Id*. at 4). Therefore, as gleaned from the face of the notice of removal, there does not appear to be a jurisdictional basis for this action to be heard in federal court under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.

Accordingly, it is ORDERED:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2.    **No later than April 14, 2026**, Plaintiff shall file a response to this order showing cause why this case should not be remanded to state court. In the alternative, by the same date, Plaintiff can acknowledge removal was improper.

3.    Plaintiff's failure to timely comply with this order may result in the remand of this case to state court without any further opportunity to respond.

Dated:    March 24, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3