UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON, | Case No.  1:26-cv-02095-KES-HBK |
| Plaintiff, | ORDER TO DISCHARGE ORDER TO SHOW CAUSE |
| v. | (Doc. 3) |
| NOMATHEMBA THOMPSON, | FINDINGS AND RECOMMENDATIONS TO REMAND ACTION TO STATE COURT[1] |
| Defendant. | FOURTEEN-DAY OBJECTION PERIOD |

On March 16, 2026, pro se plaintiff Steven Quinn Singleton filed a notice of removal of a family-law, state court action in which he was the plaintiff.  (Doc. 1).  For the reasons stated below, the undersigned recommends the district court remand the case to state court for lack of federal jurisdiction

On March 24, 2026, the Court ordered plaintiff to show cause why this case should not be remanded to state court for improper removal and lack of Federal jurisdiction.  (Doc. 3).  On April 17, 2026, plaintiff filed a response, stating he agrees that removal was improper.  (Doc. 4 at 1).  Plaintiff requests to voluntarily dismiss this action "pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), and close the federal removal proceeding," or alternatively requests the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Court to remand this action.  (*Id.* at 3).

As acknowledged by plaintiff, removal was improper because as the plaintiff in the underlying action he may not avail himself of the removal statute.  28 U.S.C. § 1141 (referring only to "defendant" or "defendants");  *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (per curiam) noting "[r]emoval is available only to defendants."); *see also In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) (stating "[n]o right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court."). *see also Magee v. California*, No. CV17-9164 AB (FFM), 2017 WL 6561150, at *1 (C.D. Cal. Dec. 19, 2017) (recognizing "none of the statutes governing removal provide for removal by a plaintiff or petitioner.").   The proper remedy for improper removal is remand, not dismissal.  *Okot*, 788 F.2d at 633.

Accordingly, it is hereby ORDERED:

The Order to Show Cause (Doc. 3) is DISCHARGED.

It is further RECOMMENDED:

1.  This action be remanded to Merced County Superior Court (21-FL-02673).

2.  The Clerk of Court be directed terminate any pending motions and deadlines and close this case.

**NOTICE TO PARTIES**

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

2

636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.


Dated:    April 22, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3